<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re IRENE H. LIN,<br><br>                 Debtor, | Bankruptcy Action No. 13-20829 (KCF) |
| IRENE H. LIN,<br><br>                 Appellant,<br><br>                 v.<br><br>BARRY SHARER, Trustee,<br><br>                 Appellee. | ON APPEAL FROM THE<br>BANKRUPTCY COURT OF THE<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 15-8039 (MAS)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

       This matter comes before the Court on Appellant Irene H. Lin's ("Debtor") appeal from the Bankruptcy Court's Order dated October 30, 2015 (the "Sale Order"). (Notice of Appeal, ECF No. 1.) The Sale Order granted Appellee Barry Sharer's ("Trustee") motion authorizing the sale of real property located at 21 Bridge Street, Metuchen, New Jersey (the "Property"). (*Id.*) After careful consideration and for the reasons set forth below, the Court denies Debtor's appeal and affirms the Bankruptcy Court's Sale Order.

**I.    <u>Jurisdiction and Standard of Review</u>[1]**

       A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a) (2010). The standard of review for bankruptcy court decisions

---

[1] The Court assumes familiarity with the facts, which are set forth in detail in *Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. Apr. 16, 2015).

"is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a clearly erroneous standard, where factual findings may only be overturned "when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions, on the other hand, are subject to *de novo*, or plenary, review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, "the district court may only inquire whether the [bankruptcy court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id.* (citing *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987)).

## II.    Discussion

The issue on appeal is whether the Bankruptcy Court abused its discretion in granting the Sale Order authorizing the sale of the Property.[2] Debtor argues that the Bankruptcy Court abused its discretion in granting the Sale Order because the Bankruptcy Court: (1) operated a faulty ECF/CM filing system; (2) retroactively granted Trustee's attorney immunity from criminal offenses; and (3) ignored Debtor's allegation that Trustee "had been stealing, embezzling, and siphoning from [Debtor]." (Appellant's Moving Br. 9-10, ECF No. 3.) In addition to these

---

[2] On February 10, 2016, the Bankruptcy Court approved a Lease Order pending the appeal of the Sale Order. *See In re Lin*, No. 16-0931 (D.N.J. filed Feb. 22, 2016). Therefore, even though Debtor did not seek a stay order from the Sale Order, this appeal is not moot, as the Property has not yet been sold. *See, e.g., Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998) ("[T]here are two prerequisites for section 363(m) statutory mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) [the] court, if reversing or modifying authorization to sell or lease, would be affecting the validity of such a sale or lease.") (quotations omitted); *see also* 11 U.S.C. § 363(m).

allegations, Debtor argues that "[t]he Bankruptcy Judge should be removed for incompetence and misconduct for knowingly operating a faulty ECF/CM filing system." (*Id.* at 11.) In opposition, Trustee argues that the appeal of the Sale Order should be dismissed because Debtor's arguments on appeal are unrelated to the Sale Order and were never raised in Debtor's opposition to the motion authorizing the Sale Order.[3] (Appellee's Opp'n Br. 5, ECF No. 5.)

The Court will not consider Debtor's arguments on appeal, as they were not raised in the Bankruptcy Court proceedings. The Third Circuit has consistently recognized that "an appeals court will not consider issues not raised in the court below." *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 212 (3d Cir. 1995) (quoting *Trailways Lines, Inc. v. Trailways, Inc. Joint Council of Amalgamated Transit Union*, 785 F.2d 101, 104 n.2 (3d Cir. 1986)); *see also In re Elian*, No. 10-49482, 2015 WL 5164796, at *5 (D.N.J. Sept. 2, 2015) (quoting *United States v. Dell'Aquilla*, 150 F.3d 329, 334-35 (3d Cir. 1998)) ("[A]bsent exceptional circumstances, an issue not raised in [bankruptcy] court will not be heard on appeal.").

Here, Debtor's arguments on appeal were not raised before the Bankruptcy Court. On appeal, Debtor argues that the Bankruptcy Court abused its discretion in granting the Sale Order because the Bankruptcy Court erred in operating an adequate ECF/CM filing system, granting Trustee's attorney immunity from offenses, and ignoring Debtor's allegations. In Debtor's opposition to the motion authorizing the Sale Order, however, Debtor's sole argument was that the Bankruptcy Court did not have jurisdiction to grant the sale because of the possible reversal of two Bankruptcy Court orders that Debtor previously appealed. Thus, Debtor's arguments on appeal

---

[3] On appeal, Trustee also argues that the Bankruptcy Court had jurisdiction to hear the motion granting the Sale Order. Because Debtor did not raise this issue on appeal, the Court will not consider the Bankruptcy Court's jurisdiction to grant the Sale Order.

3

were never raised nor discussed in Debtor's opposition to the Sale Order, and the Court will not consider Debtor's new arguments on appeal.

### III.  Conclusion

For the reasons set forth above, Debtor's appeal is denied, and the Sale Order is affirmed. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2016