**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re IRENE H. LIN,<br><br>        Debtor, | Bankruptcy Action No. 13-20829 (KCF) |
| IRENE H. LIN,<br><br>        Appellant,<br><br>        v.<br><br>BARRY R. SHARER, Trustee,<br><br>        Appellee. | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 15-8039 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Appellee Barry R. Sharer's ("Appellee" or "Trustee") motion for sanctions upon Appellant Irene H. Lin's ("Appellant" or "Debtor") counsel, Jay J. Lin, Esq., pursuant to 28 U.S.C. § 1927 and Rule 8020(a) of the Federal Rules of Bankruptcy Procedure ("Rule 8020(a)"). (ECF No. 9.) Appellant filed opposition in the form of two cross-motions for sanctions against Trustee (ECF Nos. 10, 11) and Trustee replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Appellee's motion for sanctions upon Appellant's attorney and denies Appellant's cross-motions for sanctions.

I. **DISCUSSION**[1]

   A.  **Imposition of Sanctions Pursuant to 28 U.S.C. § 1927**

Under 28 U.S.C. § 1927, "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions pursuant to Section 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 155, 162 (3d Cir. 2015) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 188 (3d Cir. 2002)). Further, "[a] court imposing [Section] 1927 sanctions must find bad faith, but that finding need not be made explicitly." *Id.* (citing *In re Prudential*, 278 F.3d at 189) ("An implicit finding of bad faith will support sanctions just as well so long as it is not an abuse of discretion, not based upon clearly erroneous factual findings, and not based upon an error of law.").

Here, Appellant's attorney has filed numerous appeals regarding his client's bankruptcy proceedings,[2] and, due to procedural defects in the appeals, the reviewing courts have often imposed sanctions or affirmed the imposition of sanctions upon Appellant's attorney pursuant to

---

[1] The Court assumes familiarity with the facts, which are set forth in detail in *Lin v. Neuner*, No. 14-5230, 2015 WL 1736500, at *1-4 (D.N.J. Apr. 16, 2015), and in the Court's August 22, 2016 Memorandum Opinion (Aug. 22, 2016 Mem. Op., ECF 8).

[2] The appeals were dismissed for failure to follow applicable rules of procedure, including: failure to file an appeal and appealable order within the applicable time limits (*Lin v. Sharer*, No. 15-1335, 2015 WL 66887997, *at 2-3 (D.N.J. Oct. 30, 2015)); failure to file within the applicable time limits (*In re Lin*, 2015 WL 1736500, at *8); and failure to demonstrate jurisdiction (*Lin v. Sharer*, No. 14-1819, 2014 U.S. Dist. LEXIS 192222, at *1 (D.N.J. Oct. 10, 2014)).

2

28 U.S.C. § 1927 and Rule 8020(a) for raising arguments on appeal that were not raised below.[3] In spite of receiving clear admonitions in several decisions, Appellant's counsel still raised issues in the appeal in this case that he failed to raise before the Bankruptcy Court. The Court, therefore, denied Appellant's appeal, holding that the Court would "not consider Debtor's arguments on appeal, as they were not raised in the Bankruptcy Court proceedings." (Aug. 22, 2016 Mem. Op. 2-3.)

The Third Circuit has consistently recognized that "an appeals court will not consider issues not raised in the court below." *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 212 (3d Cir. 1995) (citation omitted); *see also In re Elian*, No. 15-242, 2015 WL 5164796, at *5 (D.N.J. Sept. 2, 2015) (quoting *United States v. Dell'Aquilla Enters. & Subsidiaries*, 150 F.3d 329, 334-35 (3d Cir. 1998)) ("[A]bsent exceptional circumstances, an issue not raised in [the bankruptcy] court will not be heard on appeal."). Despite the decisions on Appellant's prior appeals that addressed the procedural requirements for appeals, namely the time limit for filing an appeal and the instruction not to raise unsubstantiated and frivolous arguments, Appellant's attorney has yet again acted in bad faith by filing appeals that advance meritless claims that have no relationship to the issues on appeal. Here, the Court finds that Appellant's attorney continues to raise arguments not raised below. The Court, therefore, finds that Appellant's counsel has acted in bad faith by continuing to file meritless appeals. *See In re Prudential*, 278 F.3d at 178 (finding that "[i]ndications of . . . bad faith are findings that the claims advanced were meritless, that counsel

---

[3] *See In re Lin*, No. 15-8232, 2016 WL 3951671, at *2-8 (D.N.J. July 21, 2016) (affirming the bankruptcy court's order imposing sanctions upon Appellant's attorney); *In re Lin*, 2015 WL 1736500, at *7 (affirming the bankruptcy court's order imposing sanctions upon Appellant's attorney); *In re Lin*, 2015 WL 6687997, at *3 (granting fees to Trustee). The total number of sanctions does not include Appellant's counsel's appeal to the Third Circuit of the Court's April 16, 2015 Order imposing sanctions. *In re Lin*, No. 15-2106, 2016 WL 1697641, at *1 (3d Cir. Apr. 28, 2016).

3

knew or should have known" that the claims lacked merit). Moreover, the Court finds that Appellant's counsel's repeated failures to follow the procedural requirements for appeals have multiplied proceedings in an unreasonable and vexatious manner, thereby increasing the cost of the proceedings. Even though the Court recognizes that a "court[] should exercise [its] sanctioning power only in instances of serious and studied disregard for the orderly process of justice," the Court finds, in light of previous holdings, that sanctions against Appellant's attorney are warranted. *In re Prosser*, 777 F.3d at 161 (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp. LLC*, 287 F.3d 279, 288 (3d Cir. 2002)).

### B. Imposition of Sanctions Pursuant to Rule 8020(a)

Rule 8020(a) provides that "[i]f the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). Here, as discussed above, the Court finds that Appellant's attorney knew or should have known that if he were to raise claims in Appellant's appeal that were not previously raised in the lower court, those claims would be dismissed. Appellant's counsel, however, not only continued to assert arguments not previously raised in the Bankruptcy Court, the arguments raised were substantially similar to those previously rejected by the Court. This reflects that Appellant's attorney, who has been sanctioned by the Court for similar conduct, has continued his wayward course of conduct. The Court, therefore, finds that sanctions are warranted.[4]

---

[4] The Court finds that Appellant's cross-motions are entirely meritless and denies them without further discussion.

4

## II. CONCLUSION

For the reasons set forth above, the Court grants Appellee's motion for sanctions and denies Appellant's cross-motions for sanctions.[5] An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: April 18th, 2017

---

[5] The Court only sanctions Appellant's attorney.